## Asa McPherson *vs.* George Housel.

13  299
51  428
13  299
61  636

A person purchasing *pendente lite* is subject to all the equities of the person under whom he claims.

In a foreclosure suit, the costs incurred by the complainant in resisting a motion on the part of the mortgagor to set aside the execution will be ordered paid out of the surplus money in preference to the claim of a purchaser of the mortgaged premises, who takes title from the mortgagor after the decree and before the motion to set aside execution.

*Van Syckel,* for motion.

*Allen,* contra.

THE CHANCELLOR. On the 12th of July, 1860, a final decree was made in this cause for the foreclosure and sale of mortgaged premises, and execution issued thereon.

On the 25th of July, 1860, subsequent to the decree and issue of execution, Housel conveyed the mortgaged premises in fee to Asa Snyder.

Subsequent to the date of this deed, on the 30th of August, 1860, Housel, the defendant in execution, obtained a rule to show cause why the execution should not be set aside, the decree opened, and the defendant admitted to defend the suit. On the 18th of October, the rule to show cause was discharged with costs, and the sheriff ordered to proceed to a sale of the mortgaged premises according to the command of the execution. On the 20th of October, the deed to Snyder was recorded.

The mortgaged premises having been sold, and the surplus money brought into court, Snyder, the owner of the mortgaged premises, asks that the surplus money be paid to him. The complainant in the suit has also filed his petition, asking that out of the surplus moneys arising from the sale he should be paid and satisfied his taxed costs incurred in obtaining the discharge of the rule to show cause why the decree should not be opened.

The material facts are agreed upon by the counsel of the respective petitioners.

The only question is, whether the complainant in the foreclosure suit is entitled to have the costs incurred by him in setting aside the rule to show cause paid out of the proceeds of the sale of the mortgaged premises. These costs are clearly a part of the cost of the foreclosure suit, necessarily incurred by the mortgagee in enforcing his remedy against the mortgaged premises. Had the rule to show cause been obtained before the execu-

tion issued, the costs of discharging it would have been included in the execution as a part of the sum to be levied. The complainant's equitable right to the costs is not altered by the fact, that the rule to show cause was obtained after execution issued. As between the complainant and the defendant in the suit, the complainant's right to be paid his costs out of the proceeds of the sale is clear.

But it is insisted, on behalf of the alience of the mortgagor, that having purchased the premises after final decree, and *fieri facias* issued thereon, he took the premises subject only to the encumbrance of the decree and execution; and that to impose upon the estate conveyed the costs subsequently created would encumber the estate conveyed with the costs of the litigation of the grantor, after he had parted with the title.

But the rule is well settled, that a person purchasing *pendente lite* is treated as a purchaser with notice, and is subject to all the equities of the person under whom he claims, and he who purchases during the pendency of the suit is bound by the decree that may be made against the person from whom he derives title; and the litigating parties are exempted from taking any notice of the title so acquired. *Story's Eq. Pl.* § 156; 1 *Story's Eq. Jur.* § 406.

It seems to follow, as a necessary consequence, that the alience of mortgaged premises, during the pendency of a suit for foreclosure and sale, takes title subject to the burthen of all the costs which may be incurred by the mortgagee until the final determination of the cause.

The fallacy of the opposite argument consists in assuming that the decree is the termination of the suit, and that determines all the costs for which the alienee can be legitimately liable. But the mortgagor is entitled to contest the validity of the decree, either by applying to this court to set it aside or by appeal to a higher tribunal; and in either event the costs of this further litigation form a legitimate part of the costs of the suit, which the mort-

gagee is entitled to have satisfied out of the proceeds of the sale of the mortgaged premises. The purchaser, during the pendency of the suit, took subject to all the rights of the parties litigant, and subject also to all burthens created in the exercise of those rights. If the mortgagor, by the sale, parted with all his interest in the equity of redemption, and had no legal or equitable right further to controvert the claims of the mortgagee, it would have been competent for his alienee to protect his interests by applying to the court to prevent further litigation. But so far as appears, the litigation in this case subsequent to the conveyance by the mortgagor may have been at the instance of the alienee, as it would obviously have enured to his benefit had it proved successful. But, however this may be, there is no pretence that the complainant in the suit had any notice of the alienation, or that any objection was interposed to the continuance of the litigation upon that ground; on the contrary the transfer of the title was secret, the conveyance not being put upon record until after the final order in the cause.

The complainant is entitled to his costs, pursuant to the prayer of his petition, and also the costs of the present application, out of the surplus money arising from the sale. The balance, if any, is due to the purchaser of the equity of redemption.